PALLADIN PRECISION PRODUCTS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Palladin Precision Products, Inc. v. Commissioner
Docket No. 980-92
United States Tax Court
T.C. Memo 1993-3; 1993 Tax Ct. Memo LEXIS 2; 65 T.C.M. (CCH) 1698; January 4, 1993, Filed *2 For Petitioner: Richard G. Convicer. For Respondent: Carmino J. Santaniello. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case is before the Court on petitioner's Motion For Partial Summary Judgment under Rule 121(b), regarding additions to tax determined by respondent under section 6653(b) for petitioner's taxable years ending August 31, 1986, August 31, 1987, and August 31, 1988. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income taxes for its taxable years ending August 31, 1986, August 31, 1987, and August 31, 1988, in the respective amounts of $ 943.50, $ 3,126.34, and $ 6,199.53. Respondent also determined additions to tax attributable to the deficiencies for each of the taxable years in issue under section 6653(b)(1)(A) in the respective amounts of $ 471.75, $ 2,344.76, and $ 4,649.65, and under section 6653(b)(1)(B) in the respective amounts of 50 percent of the interest due on $ 943.50, 50 percent of the interest due on $ 3,126.34, *3 and 50 percent of the interest due on $ 6,199.53. The sole issue for decision is whether a written plea agreement executed in connection with the criminal prosecution of petitioner's president (Anthony Palladino) for violation of section 7206(1) collaterally estops respondent from determining that petitioner is liable for additions to tax for fraud under section 6653(b) for each of the years in issue. Summary judgment is a device intended to serve judicial economy through the avoidance of "unnecessary and expensive trials of phantom factual questions". Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b), a motion for summary judgment is granted when it is shown that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In considering a motion for summary judgment, we view the facts in the light most favorable to the party opposing the motion. Id. Accordingly, the facts set forth *4 herein are derived from respondent's pleadings and attorneys' affidavits in opposition to petitioner's motion, and are viewed in a manner most favorable to respondent. Id.; Estate of Gardner v. Commissioner, 82 T.C. 989, 990 (1984). Background
During each of the years in issue petitioner manufactured screw machine products, and Anthony Palladino was petitioner's president and business affairs manager. During petitioner's taxable years ended August 31, 1986, and August 31, 1987, Mr. Palladino owned 25.75 percent of petitioner's stock. During petitioner's taxable year ended August 31, 1988, Mr. Palladino owned 60 percent of petitioner's stock. During each of the years in issue, petitioner sold scrap metal by-products to Michael Schiavone & Sons, Inc. (Schiavone), a scrap metal dealer. An audit of Schiavone's books by respondent indicated that Schiavone regularly purchased scrap metal from suppliers, including petitioner, with cash payments. In May, 1989, Leanne G. Charette, a Special Agent with the Internal Revenue Service (IRS), Criminal Investigation Division, was assigned to investigate possible criminal violations committed by Mr. *5 Palladino in his capacity as petitioner's president. Special Agent Charette's investigation determined that under an agreement between Schiavone and Mr. Palladino, each purchase of petitioner's scrap metal by Schiavone was paid for one-half by check and one-half with cash. The investigation further concluded that the cash payments were hand delivered by a Schiavone employee to Mr. Palladino in an envelope, and that petitioner only reported the amount of the checks on its returns filed for the years in issue. In July, 1990, Special Agent Charette recommended that criminal proceedings be instituted against Mr. Palladino for willfully making and subscribing to false U.S. corporate income tax returns filed by petitioner for each of the years in issue, in violation of section 7206(1). By letter dated November 21, 1990, respondent referred the case against Mr. Palladino for violation of section 7206(1) to the U.S. Department of Justice (DOJ) for prosecution. Special Agent Charette did not recommend that any criminal proceedings be instituted against petitioner, and no such referral was made to the DOJ. In March, 1991, the U.S. Attorney, Judicial District of Connecticut, received a *6 referral from DOJ requesting the U.S. Attorney to initiate the criminal prosecution of Mr. Palladino under section 7206(1) regarding petitioner's corporate income tax returns filed for the years in issue. The case against Mr. Palladino was assigned to Joseph C. Hutchinson, Assistant U.S. Attorney, Judicial District of Connecticut. On May 21, 1991, after discussions between Mr. Hutchinson and Mr. Palladino's attorney, the U.S. Attorney's Office for the District of Connecticut (Government) signed a plea agreement with Mr. Palladino concerning Mr. Palladino's alleged violations of section 7206(1). Under the plea agreement, Mr. Palladino agreed to plead guilty to a one count information charging him with subscribing to a false corporate income tax return filed by petitioner for its taxable year ending August 31, 1988. On July 15, 1991, Mr. Palladino was sentenced and received no months to serve and no probation, but was fined $ 5,000. The plea agreement is organized by sections. The following stipulation appears near the top of page 3, in a section of the plea agreement entitled "Sentencing Guidelines": The Government also stipulates that the false corporate tax returns were *7 not filed in order to facilitate evasion of a tax.
The following disclaimer appears near the middle of page four, in a section of the plea agreement entitled "Scope of Agreement": [Mr. Palladino] acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. [Mr. Palladino] acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of quilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, [Mr. Palladino] understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.
Discussion
Petitioner's motion is based on the government's stipulation that petitioner's false corporate tax returns were not filed in order to facilitate evasion of tax. Petitioner argues that the stipulation collaterally estops respondent from determining that petitioner is liable for additions to tax for fraud for the years *8 in issue. Essentially, petitioner argues that since respondent's case under section 6653(b) against petitioner is based solely on the conduct of its president, Mr. Palladino, it is fundamentally inconsistent for the Government first to agree that Mr. Palladino did not file false corporate tax returns in an attempt to evade tax for the years in issue, and for respondent later to contend that petitioner filed false corporate tax returns with an intent to evade tax for these years. In opposition to petitioner's motion, respondent contends that the plea agreement does not preclude respondent from raising the issue of petitioner's liability for additions to tax under section 6653(b) because the stipulation was not intended to have any effect on petitioner's civil tax liability. Alternatively, respondent argues that collateral estoppel does not apply in this case, and that in any event, Mr. Hutchinson was not authorized to compromise petitioner's civil tax liability. Supported by an affidavit by Mr. Hutchinson, respondent argues that the stipulation was incorporated into the plea agreement for the sole purpose of establishing Mr. Palladino's eligibility for a non-incarcerating sentence *9 under the Federal Sentencing Guidelines. According to Mr. Hutchinson's affidavit, at no time during plea negotiations with Mr. Palladino's counsel did the Government represent or suggest in any way that the stipulation was intended to have civil tax consequences. This fact, respondent argues, is amply demonstrated by the above-quoted disclaimer from page four of the plea agreement, from the section entitled "Scope of Agreement". We agree with respondent. Mr. Hutchinson's affidavit and the disclaimer on page four of the plea agreement make it clear that the plea agreement was not intended to have any application extending beyond the criminal matter involving Mr. Palladino, and that the stipulation petitioner relies upon in support of its motion was included in the plea agreement for the sole purpose of establishing Mr. Palladino's eligibility for a nonincarcerating sentence. We note that petitioner has not set forth any facts indicating any contrary or additional intention for the stipulation's inclusion into the plea agreement. In reaching our conclusion, we reject petitioner's argument that the parol evidence rule precludes our consideration of Mr. Hutchinson's intent in writing *10 the stipulation into the plea agreement. The parol evidence rule is inapplicable here, particularly for the reason that petitioner was not a party to the written plea agreement. Estate of Craft v. Commissioner, 68 T.C. 249, 260-263 (1977), affd. per curiam 608 F.2d 240 (5th Cir. 1979); Coven v. Commissioner, 66 T.C. 295, 306 (1976). Moreover, we conclude that petitioner's collateral estoppel argument in this case is misplaced. Collateral estoppel precludes a party or his privy to a prior suit from relitigating in a later suit issues of fact and law which were actually and necessarily decided by the prior court in reaching judgment in the prior suit. United States v. Mendoza, 464 U.S. 154, 158 (1984). Collateral estoppel is available even though the prior suit was resolved by plea agreement and was not litigated through to resolution by a trier-of-fact. Castillo v. Commissioner, 84 T.C. 405, 409-410 (1985). However, collateral estoppel is inapplicable in this case because the plea agreement plainly establishes that the section *11 6653(b) issue in this case was neither presented in substance nor actually resolved in the criminal proceeding, and, further, because petitioner was neither a party nor a privy to the plea agreement. Montana v. United States, 440 U.S. 147 (1979); see American Lithofold Corp. v. Commissioner, 55 T.C. 904, 923-924 (1971); C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882 (1970). Further, besides the inapplicability of collateral estoppel, we conclude that even if the stipulation petitioner relies upon in support of its motion was included in the plea agreement with the express intent to preclude respondent from determining additions to tax for fraud against petitioner, and even if we were to presume the stipulation sufficient to achieve that end, petitioner's motion still must be denied, because, as a matter of law, Mr. Hutchinson is without authority in this case to bind respondent in any civil tax matter involving petitioner. If we were to accept petitioner's interpretation of the stipulation, then the stipulation effectively would serve as a compromise of petitioner's civil tax liability. *12 However, section 7122(a), which governs the granting of authority to compromise a case against a taxpayer, provides that unless the taxpayer's case has previously been referred to the DOJ, no person in that department, including an Assistant U.S. Attorney, is authorized to compromise any of the taxpayer's taxes. Botany Worsted Mills v. United States, 278 U.S. 282 (1929); Wagner v. Commissioner, T.C. Memo. 1990-443. Petitioner bears the burden of ascertaining whether a government representative is authorized to compromise taxes. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947); Wagner v. Commissioner, supra.
In this case, Mr. Hutchinson was not authorized to compromise the taxes in issue since it is clear that petitioner's case was never was referred to the DOJ. Accordingly, even if we were to accept petitioner's interpretation of the stipulation it relies upon in support of its motion, we must conclude that it nonetheless did not effect a valid compromise of petitioner's liability for additions to tax under section 6653(b). Accordingly, we *13 conclude that the plea agreement entered into between the Government and Mr. Palladino does not preclude respondent from raising the issue of petitioner's liability for additions to tax under section 6653(b) for the years in issue, and petitioner's Motion for Partial Summary Judgment will be denied. To reflect the foregoing, An appropriate order will be issued.