T.C. Memo. 1999-364


UNITED STATES TAX COURT


GERALD R. WEISS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14555-98.                    Filed November 2, 1999.


Gerald R. Weiss, pro se.

Laurel M. Robinson, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent denied petitioner's claim for
abatement of interest under section 6404(e).[1]  Petitioner seeks
the abatement of interest on a deficiency derived from a

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code as amended and in effect for the period
under consideration, and Rule references are to this Court's
Rules of Practice and Procedure.

partnership adjustment. Petitioner's claim is based on his belief that respondent should have provided him notice of the adjustment and deficiency at an earlier date, thereby allowing him to pay the deficiency earlier and minimize any accruing interest. The issue for our consideration is whether respondent abused his discretion by denying the request for abatement.

FINDINGS OF FACT

The parties' stipulated facts and exhibits are incorporated by this reference.

At the time his petition was filed, petitioner resided in Dublin, California. In 1981, petitioner became a partner in Brentwood Investors (Brentwood). While petitioner was a partner in Brentwood, it became a partner in the Wilshire Wellesley Associates partnership (Wilshire Wellesley), which, in turn, became a partner in the Golden Gate Associates partnership (Golden Gate). Brentwood had 10 partners, Wilshire Wellesley had 33, and Golden Gate had 28. Donald J. Kuehne was the tax matters partner (TMP) of Golden Gate and of Wilshire Wellesley and the managing general partner of Brentwood.

Respondent audited Golden Gate for the years 1982, 1983, and 1984. In connection with the 1984 audit of Golden Gate, respondent contacted petitioner in September 1991, requesting a copy of his 1984 Federal tax return. In October 1991, petitioner, by letter, supplied the return and requested

preliminary or final notice of any partnership adjustment concerning the 1984 return so that petitioner would have the opportunity to stop the running of interest, ostensibly by paying the tax. Petitioner's letter included his name, address, Social Security number, and respondent's reference number but did not disclose the amount of petitioner's profits interest in the Golden Gate partnership or in the two pass-through partnerships through which he held an indirect interest in Golden Gate. In April 1996, respondent contacted him once again, this time in connection with the audit of Golden Gate's 1982 return, and requested a copy of petitioner's Federal tax return for 1982. Petitioner provided the return, confirmed his address and Social Security number, and asked for documentation concerning the expiration of the period for assessment and/or information that would permit the opportunity to stop the accrual of interest with respect to petitioner's 1982 tax year.

In February 1997, respondent sent petitioner two letters. The first informed him that he was not subject to any partnership adjustment for either 1983 or 1984. The second letter informed him that he was subject to a partnership adjustment concerning Golden Gate's 1982 returns. In April 1997, petitioner paid the 1982 deficiency in the amount of $616. In May 1997, petitioner paid the interest due on the deficiency for tax year 1982 in the amount of $1,798.02.

Before payment, petitioner filed a Claim for Refund and Request for Abatement in March 1997.  In it, he requested an abatement of interest for the period from November 1, 1991, to March 21, 1997, in the amount of $864.56.  This period corresponds to the time between which petitioner wrote the 1991 letter and filed his 1997 request for abatement.  In support of his claim, petitioner stated that he tried to stop the accrual of interest when he sent the October 1991 letter.

Respondent reviewed petitioner's request and disallowed his claim for abatement of interest, stating that there were no "errors or delays that merit abatement of interest in our review of available records and other information for the period from 11/1/91 to 3/21/97."  Petitioner asks us to review respondent's failure to abate interest for an abuse of discretion.

OPINION

The Commissioner's power to abate an assessment of interest involves the exercise of discretion.  See Lee v. Commissioner, 113 T.C. 145 (1999).  Though we shall give the Commissioner's decision some deference, we have the authority to determine whether the Commissioner's failure to abate interest was an abuse of that discretion.  See sec. 6404(i); Lee v. Commissioner, supra.  A taxpayer will be given an abatement only if he or she can prove that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law.

See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999). Petitioner bears the burden of showing an abuse of discretion. See Rule 142(a). Our review is limited to whether there was an abuse of respondent's discretion, which is a question of fact. See <u>Estate of Gardner v. Commissioner</u>, 82 T.C. 989, 1000 (1984).

Section 6404(e)(1) provides that the Commissioner may abate the assessment of interest on any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service, acting in his or her official capacity and performing a ministerial act.[2] Congress intended abatement of interest to be used in instances "where failure to abate interest would be widely perceived as grossly unfair." H. Rept. 99-426 (1985), 1986-3 C.B. (Vol. 2) 844; S. Rept. 99-313 (1985), 1986-3 C.B. (Vol. 3) 208. Section 6404(a) provides that the Commissioner is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof that is (1) excessive in

---

[2] In 1996, sec. 6404(e) was amended under sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit respondent to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996; therefore, it is not applicable to the case at bar.

amount,[3] (2) assessed after the expiration of the period of limitations properly applicable thereto, or (3) erroneously or illegally assessed. See Woodral v. Commissioner, supra.

Before the Commissioner may make the decision to abate interest under section 6404(e)(1), three elements must be present. First, a Commissioner's employee must make an error or delay when performing a ministerial act. See sec. 6404(e)(1). An act is ministerial when it is "a procedural or mechanical act that does not involve the exercise of judgment". Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). Second, the taxpayer's actions must not contribute significantly to the error or delay. See sec. 6404(e)(1); sec. 301.6404-2T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30162 (Aug. 13, 1987). Third, the Commissioner must have contacted the taxpayer in writing about the deficiency or payment. See sec. 6404(e)(1).

Petitioner alleges that respondent's employee(s) committed an error sufficient to cause abatement by the failure to send notices about the administrative proceedings regarding Golden

---

[3] Though petitioner alleges that the amount of interest was "excessive", petitioner makes no allegation that the interest was computed incorrectly but apparently uses "excessive" to refer to the accumulation of interest due to the delay he perceives to be the fault of respondent. Petitioner's position relates to the third possible basis for abatement; i.e. erroneous assessment.

Gate in response to petitioner's 1991 letter.[4]  This allegation,
however, does not present a cognizable claim under section
6404(e)(1) because any "error or delay in performing a
ministerial act shall be taken into account <u>only if it occurs
after the Service has contacted the taxpayer in writing with
respect to the deficiency or payment.</u>"  (Emphasis added.)  Sec.
301.6404-2T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg.
30163 (Aug. 13, 1987).  The Internal Revenue Service wrote to
petitioner in 1991 to request a copy of his 1984 tax returns and
in 1996 to request a copy of his 1982 tax returns.  No written
contact concerning 1982 was made by the Internal Revenue Service
until 1996, and the second contact was made February 1997, when a
notice of deficiency was sent for 1982.  Irrespective of whether
the 1996 request or the 1997 notice of deficiency should be
considered the first "writing with respect to the deficiency or
payment", petitioner did not request abatement from either of
those dates, nor did he demonstrate that some error or delay had
occurred after either of those dates.  In fact, petitioner did
receive the 1997 notice of deficiency approximately 10 months

---

[4]  The amount and claim in petitioner's request for
abatement was based on the date his 1991 letter was sent to the
Internal Revenue Service, even though that letter referenced a
year for which the Internal Revenue Service determined no
adjustment was needed.  Though he mentions that he sent a second
letter requesting notice in 1996, he made no alternate request
for abatement from the date of the 1996 letter.

after requesting that notices be sent to him.  He has not shown that any other notices were created and/or were not sent to him in error after his 1996 request for notice.

Because the claim for abatement was not cognizable, there was no abuse of discretion in respondent's denial of petitioner's request for interest abatement.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent.</u>