ESTATE OF HANS E. ROTHPLETZ, DECEASED, MICHAEL E. ROTHPLETZ, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Rothpletz v. Commissioner
Docket No. 38934-84.
United States Tax Court
T.C. Memo 1987-310; 1987 Tax Ct. Memo LEXIS 310; 53 T.C.M. (CCH) 1214; T.C.M. (RIA) 87310; June 24, 1987. *310 Held, Real property owned by a decedent who died in 1980 failed to qualify for special use valuation under sec. 2032A, I.R.C. 1954, because the estate tax return in which the election was made was not timely filed. Held further, reliance upon an attorney to prepare and file the estate tax return does not constitute reasonable cause for failure to timely file the return within the meaning of sec. 6651(a)(1), I.R.C. 1954. Francis E. Pisani II, for the petitioner. Joy M. Miyasaki, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Chief Judge:* By notice of deficiency issued on October 9, 1984, respondent determined a deficiency in the amount of $63,691.20 in the Federal estate tax of the Estate of Hans E. Rothpletz and an addition to tax pursuant to section 6651(a)(1)[1] in the amount of $14,600.57. The issues presented for our decision are (1) whether special use valuation under section 2032A may be elected on the untimely filed Federal estate tax return of a decedent who died in 1980, and (2) whether the executors' reliance upon an attorney to prepare and file the Federal estate tax return constitutes reasonable cause for late filing within the meaning of section 6651(a)(1). *311 This case was submitted with all facts fully stipulated pursuant to Rule 122. Those facts as stipulated by the parties are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. Hans E. Rothpletz (hereinafter decedent) died on October 15, 1980. The executors of decedent's estate are Sonia R. Alley and Michael E. Rothpletz. At the time the petition was filed, Mr. Rothpletz resided in Lebanon, New Jersey. Pursuant to section 6075(a), the Federal estate tax return for decedent's estate was to be filed no later than July 15, 1981, [2] *312 9 months after decedent's death. No request for an extension of time to file the return was ever filed with respondent. The return was mailed to respondent on October 14, 1981 and was received by respondent on October 19, 1981. Thus, the return was filed untimely. Based on the filed return, on December 7, 1981, respondent assessed estate tax in the amount of $4,161.76 and an addition to tax under section 6651(a)(1) of $832.35. The estate tax was paid on October 19, 1981, with the filing of the return, and the addition to tax was paid on August 11, 1983. On the untimely filed return, the executors sought to elect the special use valuation provisions of section 2032A to value the following three items: (1) Decedent's stock in Hill and Dale Farms, Inc. was valued at $404,915. [3] *313 (2) Real property known as Block 51, Lot 71 in Tewksbury Township, New Jersey was valued at $200. (3) Real property known as Block 36, Lot 1 in Tewksbury Township, New Jersey was valued at $1,100. In the notice of deficiency, respondent determined that the executors could not elect special use valuation under section 2032A because the estate tax return was not timely filed. The parties agree that, if the executors' election to use the special use valuation is valid, the following special use values will apply: (1) Decedent's stock in Hill and Dale Farms, Inc. -- $552,552.40, (2) Block 51, Lot 71 in Tewksbury Township, New Jersey -- $200, and (3) Block 36, Lot 1 in Tewksbury Township, New Jersey -- $1,100. The parties further agree that, if the executors' election to use the special use valuation is invalid, the following fair market values on decedent's *314 date of death will apply: (1) Decedent's stock in Hill and Dale Farms, Inc. -- $797,677.52, (2) Block 51, Lot 71 in Tewksbury Township, New Jersey -- $80,000, and (3) Block 36, Lot 1 in Tewskbury Township, New Jersey -- $41,400. The executors retained Francis E. Pisani, II to serve as attorney for the estate. The executors relied on Mr. Pisani to prepare and file the Federal estate tax return for the decedent's estate. The executors' failure to file the return timely was due to their reliance on Mr. Pisani. We must first decide whether the estate is entitled to value certain real property under the special use provisions of section 2032A even though the election for special use valuation was not made on a timely filed Federal estate tax return.[4]Under section 2032A the executor of an estate is permitted to elect, for Federal estate tax purposes, an alternative method of valuing qualified real property used as a farm or in a trade or business other than farming. If the various requirements of the statute are met, the qualified real property is valued based upon its actual ("special") family farm or small business use rather than upon its highest and best use, as would normally be *315 the case under general valuation principles. [5] See generally Estate of Gunland v. Commissioner, 88 T.C.     (filed June 4, 1987) (slip op. at 4); Estate of Coon v. Commissioner,81 T.C. 602, 607-608 (1983); Estate of Cowser v. Commissioner,80 T.C. 783, 785 (1983), affd. 736 F.2d 1168 (7th Cir. 1984); sec. 20.2032A-3, Estate Tax Regs. The purpose of the statutory requirements is to assure the continued use of the property for family farming or other small business purposes by reducing the estate tax burden upon such qualified property and restricting the benefits of the statute to a limited class of persons. Estate of Gardner v. Commissioner,82 T.C. 989, 993 (1984). In this case, the only issue under section 2032A is whether the executors' election of special use valuation is valid where the decedent died on October 15, 1980 and the election *316 was made on a late filed estate tax return. As of the date of decedent's death, section 2032A(d)(1) provided as follows: (1) Election. -- The election under this section shall be made not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 (including extensions thereof), and shall be made in such manner as the Secretary shall by regulations prescribe. [Emphasis added. [6] *317 ] Section 20.2032A-8(a)(3), Estate Tax Regs., also provided as follows: Time and manner of making election. An election under this section is made by attaching to a timely filed estate tax return the agreement described in paragraph (c)(1) of this section * * *. [Emphasis added.] We have held previously that, in accordance with the literal language of the statute, a timely filed return is mandatory and that there is no "reasonable cause" exception for an untimely filed return. Estate of Gardner v. Commissioner,supra at 992. [7] The estate tax return herein *318 was due to be filed no later than July 15, 1981, 9 months after decedent's death. It was specifically stipulated by the parties that a request for an extension of time to file the return was never filed. The return was not mailed until October 14, 1981, and was not received by respondent until October 19, 1981. Therefore, we hold that petitioner is not entitled to the benefits of the special use valuation provisions of section 2032A. The final issue for our decision is whether petitioner's reliance upon an attorney to prepare and file the Federal estate tax return constitutes "reasonable cause" within the meaning of section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for the late filing of a return and provides in relevant part as follows: (a) Addition to the Tax. -- In case of failure -- (1) to file any return * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required *319 to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate * * *. In the instant case, the decedent died on October 15, 1980 and we have noted that the Federal estate tax return was due to be filed by July 15, 1981. Sec. 6075(a). We have further noted that the return was mailed on October 14, 1981 and was received by respondent on October 19, 1981. [8] *320 The parties agree that the return was not timely filed and that the only reason for the late filing was that the executors relied upon an attorney to prepare and file the return. [9]
This situation is clearly controlled by the recent decision of the United States Supreme Court in United States v. Boyle,469 U.S. 241 (1985). In that case the Court unanimously held that the executor's duty to file an estate tax return is nondelegable and stated: Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor. The duty is fixed and clear; Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline, and then to meet that deadline, except in a very narrow range of situations. Engaging an attorney to assist *321 in the probate proceedings is plainly an exercise of the "ordinary business care and prudence" prescribed by the regulations * * * but that does not provide an answer to the question we face here. To say that it was "reasonable" for the executor to assume that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the executor's obligations under the statute. Congress has charged the executor with an unambiguous, precisely defined duty to file the return within nine months; extensions are granted fairly routinely. That the attorney, as the executor's agent, was expected to attend to the matter does not relieve the principal of his duty to comply with the statute. [Emphasis in original. 469 U.S. at 249-250.] Accordingly, we hold that petitioner's reliance on its attorney to file the Federal estate tax return herein does not constitute "reasonable cause" and petitioner is therefore liable for the addition to tax under section 6651(a)(1). See also Estate of Brandon v. Commissioner,86 T.C. 327, 338-339 (1986). To reflect the foregoing, An appropriate order and decision under Rule 155 will be entered.
[10] *322 Footnotes
*. By order of the Chief Judge this case was reassigned from Judge Lawrence A. Wright↩ for decision and opinion. 1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect as of the date of decedent's death. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although the parties stipulated that the estate tax return was due to be filed July 15, 1980 (a date 3 months prior to decedent's death), we assume this was a typographical error.
3. However, a portion of the property owned by the corporation was not "qualified real property" as defined in section 2032A(b) and therefore did not qualify for special use valuation. The value of decedent's stock in the corporation, using the special use valuation to value only the "qualified real property" owned by the corporation, was $552,552.40. On or about November 1983 the executors consented to the assessment and collection of a deficiency in estate tax of $33,084.89 based in part on the increase in the value of decedent's stock in the corporation from $404,915 to $552,552.40 and also consented to the assessment and collection of an addition to tax under sec. 6651(a)(1)↩ of $4,754.65. These amounts were assessed on March 26, 1984. The executors elected to pay the deficiency in estate tax of $33,084.99 as provided by sec. 6166.
4. Despite the Court's granting of several extensions of time, petitioner failed to file a brief herein. ↩
5. For Federal estate tax purposes, the value of property includable in a decedent's gross estate is generally its fair market value as of the date of death or the alternate valuation date. Secs. 2031, 2032; sec. 20.2031-1(b), Estate Tax Regs.↩
6. Sec. 421(j)(3) of the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. No. 97-34, 95 Stat. 172, 313, amended sec. 2032(A)(d)(1) to allow the election for special use valuation to be made on the first estate tax return, whether or not the return is filed timely. However, as provided in sec. 421(k)(1) of ERTA, 95 Stat. 313, this amendment applies only to estates of decedents dying after Dec. 31, 1981. This Court has noted that this amendment applies only to estates of decedents dying after said date. See, e.g., Estate of Williams v. Commissioner,T.C. Memo. 1984-178; Estate of Young v. Commissioner,T.C. Memo. 1983-686. In addition, the transitional rules under sec. 421(k)(5) of ERTA, 95 Stat. 314, do not extend the election period in this case. The transitional rules would have extended the election period in this case only if ERTA's retroactive amendments to sec. 2032A rendered the estate eligible to make the election and if the Federal estate tax return had been timely filed. In other words, Congress gave those estates which qualified for the first time under the amendment a reasonable time in which to make the election. The amendment did not, however, reopen the election period for an estate that qualified under the older, more restrictive, requirements but had failed to make a timely election. Estate of McCoy v. Commissioner,809 F.2d 333, 338 (6th Cir. 1987), affg. T.C. Memo. 1985-509↩.
7. See also Estate of Williams v. Commissioner,T.C. Memo. 1984-178; Estate of Boyd v. Commissioner,T.C. Memo. 1983-316↩.
8. We agree with respondent that for purposes of computing the addition to tax under sec. 6651(a)(1), the date the return was received by respondent, Oct. 19, 1981, should be treated as the date of filing the return. The timely mailing equals timely filing rule of sec. 7502 applies only if the postmark date falls on or before the prescribed date for filing. Here there is no evidence as to the postmark date. However, because the stipulated date of mailing the return, Oct. 14, 1981, is subsequent to the due date of the return, the special rules of sec. 7502 are inapplicable and the return is considered to have been filed on Oct. 19, 1981, the stipulated date of receipt by respondent. See Miller v. United States,784 F.2d 728, 730-731 (6th Cir. 1986); Kahle v. Commissioner,↩ 88 T.C.     (filed April 28, 1987).
9. There is no evidence that the executors were ill or incompetent or that they relied on the advice of an attorney that an estate tax return need not be filed. See, e.g., Estate of Paxton v. Commissioner,86 T.C. 785, 819-820↩ (1986).
10. The payment of estate taxes has been deferred pursuant to sec. 6166. Therefore, in order to allow the executors the right to claim the interest accruing on the installment payments as an expense of administration under sec. 2053, the entry of our decision herein will be postponed until the final installment of tax is due or paid, whichever occurs earlier. See Estate of Bailly v. Commissioner,81 T.C. 246 (1983), modified 81 T.C. 949 (1983); Estate of Hoover v. Commissioner,T.C. Memo. 1985-183↩.