128 T.C. No. 10


UNITED STATES TAX COURT


ESTATE OF EDWARD P. ROSKI, SR., DECEASED, EDWARD P. ROSKI, JR.,
EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5639-05.                    Filed April 12, 2007.


        The estate elected to pay its tax in installments
under sec. 6166(a)(1), I.R.C. (the election).  R
informed the estate that it would have to secure a bond
equal to twice the amount of tax deferred or provide a
special lien under sec. 6324A, I.R.C. (special lien),
in order to qualify for the election.  R's requirement
was based on a recent decision by R to make a bond or a
special lien a prerequisite of the election in all
cases.  The estate sent R a detailed letter enumerating
reasons why it was impracticable for the estate to
secure a bond or a special lien and requested that R
exercise his discretion and find that it was not
necessary because of the minimal financial risk the
estate's circumstances posed.  R sent the estate a
notice of determination denying the election and
explaining that the estate failed to meet the
requirements for the election because it failed to
provide a bond or a special lien.

The estate filed a petition with this Court requesting relief under sec. 7479, I.R.C. The estate alleged that R abused his discretion in denying the election on the basis of the estate's failure to provide a bond. R moved for summary judgment on the grounds that this Court does not have jurisdiction to review R's determination because the requirement of a bond or a special lien is not within the scope of the jurisdiction granted by sec. 7479, I.R.C. The estate objected to R's motion and filed a cross-motion for summary judgment, asking this Court to find that R has no authority to impose a bright-line security requirement and that if R had exercised his discretion properly, he would not have found a bond or a special lien to be necessary in this case.

Held: We have jurisdiction under sec. 7479, I.R.C., to review R's determination. Nothing in the statute or its legislative history restricts our review of R's denial of the election. R has failed to rebut the strong presumption that an action of an administrative agency is subject to judicial review.

Held, further, R has no authority to require a bond or a special lien in every case. By doing so, R is making the furnishing of security a substantive requirement of sec. 6166, I.R.C., which Congress did not intend. Further, R's adoption of a standard that precludes the exercise of discretion is grounds to set aside R's determination.

Robert T. Carney, for petitioner.

Scott A. Hovey, for respondent.

OPINION

GOEKE, <u>Judge</u>:  This matter is before the Court on the parties' cross-motions for summary judgment under Rules 121(a) and 217(b)(2).[1]

Respondent issued a notice of determination denying the Estate of Edward P. Roski (the estate) the election to pay Federal estate tax in installments under section 6166.  The issues before us are:  (1) Whether this Court's jurisdiction under section 7479 includes reviewing respondent's determination, which was based upon his imposition of a security requirement, that an election may not be made under section 6166; and (2) whether respondent abused his discretion by imposing a bright-line requirement of a bond or a special lien for every estate election under section 6166(a)(1).  We hold that we have jurisdiction under section 7479, and that respondent has abused his discretion.

The following is a summary of the relevant facts that are not in dispute.  They are stated solely for purposes of deciding the pending cross-motions for summary judgment and are not

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the date of decedent's death, unless otherwise indicated.

findings of fact for this case.  See <u>Estate of Kahn v.</u>
<u>Commissioner</u>, 125 T.C. 227, 228 (2005) (citing Fed. R. Civ. P.
52(a) and <u>Lakewood Associates v. Commissioner</u>, T.C. Memo.
1995-552).

## Background

Edward P. Roski (decedent) died on October 6, 2000.  He was
a resident of Los Angeles, California, at the time of his death.
The executor resided in California when the petition was filed.

On January 4, 2002, the executor of decedent's estate filed
a timely Form 706, United States Estate (and Generation-Skipping
Transfer) Tax Return (the estate tax return), reporting a balance
due of $32,778,372.  Attached to the estate tax return was a
Notice of Election Under Section 6166 of the Internal Revenue
Code, in which the estate elected to defer payment of the balance
on the estate tax return.  On June 17, 2003, the estate filed a
supplemental Form 706 reporting a liability of $28,901,454.  The
estate also amended its section 6166 election to reflect the new
balance due.  Pursuant to the election, if the estate were able
to obtain the full extension, it would pay the tax due in
installments as late as the 14th anniversary of the normal due
date, which would be in 2015.[2]

---

[2]Sec. 6166(a) allows an estate electing under that section
to pay the tax due in installments over a 10-year period after a
5-year deferral.

In September 2003, respondent notified the estate that he had received the estate's notice of election. Respondent stated that because of the election, the estate was required to either post a bond, or in lieu of a bond, elect to provide a special lien under section 6324A. By letter dated September 8, 2004, the estate requested that "the government exercise its Congressionally mandated discretion and not require the posting of a bond or the imposition of a Section 6324A lien in this case." The estate provided the following reasons.[3]

(1) The estate had explored the possibility of posting a bond but was unable to find a bonding company willing to underwrite the amount in question for the duration of the 10-year installment payment period under section 6166(a). Further, even if the estate were able to obtain a bond, the estate's advisors believed that the cost would be prohibitive.

(2) The assets of the estate are part of a well-established family-owned business, and decedent's only child has continued the ownership and management of the business. The estate's assets consist of interests in valuable, well-managed, and profitable active real estate and provide assurance that adequate

---

[3]There is insufficient evidence in the record to permit the Court to evaluate the merits of the arguments the estate makes in the letter; the letter is reproduced only for purposes of establishing what information respondent was presented with in order to evaluate the necessity of a bond or a lien.

funds will be available to pay the estate tax liability, therefore mitigating any default risks.

(3)  Edward P. Roski, Jr., the son of decedent and the executor of the estate, is a highly respected businessman who at all times has fulfilled his tax obligations.

(4)  The Government already has security for the payment of the estate's deferred taxes in the form of the statutory lien provided for under section 6324.  The lien is in effect until 2010 and is a personal liability of the executor, as well as of all the other transferees of the estate.

(5)  The imposition of the special lien in lieu of a bond would adversely affect the estate's ability to carry on the closely held businesses that ultimately are to provide the funds from which the estate's deferred taxes would be paid.  Without the interference of the special lien, the estate will have the cashflow to pay the installments as they become due.

(6)  The imposition of a special lien, in lieu of a bond, against the estate's assets would violate covenants in partnership agreements that affect the estate's interests in those assets and could lead to litigation forcing the estate to sell its properties.  Such forced sales would frustrate the purpose of section 6166, which is to avoid forced sales or other actions that might jeopardize the continued operation of a closely held business.

On December 28, 2004, respondent issued to the estate a notice of determination stating that the estate may not make an election under section 6166.  The notice of determination stated in relevant part:

> We have determined, as provided by Section 7479 of the Internal Revenue Code of 1986, that an election may not be made under Section 6166 of the Code by the above estate. * * * If you want to contest this determination in court, your petition must be filed with the United States Tax Court * * *

Attached to the notice of determination was an Explanation for Determination.  The document contained the following explanation in its entirety:

> It is determined that the Estate failed to fulfill the requirements for the election to pay taxes in installments pursuant to IRC Section 6166.  The Estate failed to provide a bond or IRC section 6324A lien per IRC Sections 6166 and 6165.
>
> Additionally, it is determined that the estate failed to demonstrate why the Commissioner should exercise his discretion and waive the requirement of a bond or IRC Section 6324A lien in this case.
>
> Accordingly, the IRC Section 6166 election is denied.

The estate filed its petition for a declaratory judgment under section 7479 on March 23, 2005.  In its petition, the estate seeks a redetermination of respondent's denial of the election and a judgment that it was entitled to the election. The petition, inter alia, alleges that respondent erred by

determining not to exercise his discretion to allow an election under section 6166. The estate also alleges that respondent erred by requiring the estate to provide a bond or a special lien in order to qualify for the election. The estate argues that such a requirement was without basis in law, was arbitrary and capricious, and constituted an abuse of discretion.

Respondent moved for summary judgment, arguing that section 7479 does not give this Court jurisdiction to review respondent's denial of the section 6166 election because of the estate's failure to fulfill respondent's prerequisite of a bond or a special lien under section 6324A. The estate objected to respondent's motion and filed a cross-motion for summary judgment arguing that: (1) Respondent's refusal to exercise his discretion by requiring a bond in every case is an abuse of discretion; and (2) the undisputed facts establish that if respondent had properly exercised his discretion, no bond or special lien should have been required.

Discussion

I. Background of the Relevant Statutes

A. Installment Payment Election

In general, Federal estate tax is due within 9 months of a decedent's death. Sec. 6075(a). Under section 6166(a)(1), a qualifying estate may elect to pay the estate tax in installments over an extended period. Section 6166(a) provides:

SEC. 6166(a). 5-Year Deferral; 10-Year Installment Payment.--

(1) In general.--If the value of an interest in a closely held business, which is included in determining the gross estate of a decedent who was (at the date of his death) a citizen or resident of the United States exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax imposed by section 2001 in 2 or more (but not exceeding 10) equal installments.

(2) Limitation.--The maximum amount of tax which may be paid in installments under this subsection shall be an amount which bears the same ratio to the tax imposed by section 2001 (reduced by the credits against such tax) as--

(A) the closely held business amount, bears to

(B) the amount of the adjusted gross estate.

(3) Date for payment of installments.--If an election is made under paragraph (1), the first installment shall be paid on or before the date selected by the executor which is not more than 5 years after the date prescribed by section 6151(a) for payment of the tax, and each succeeding installment shall be paid on or before the date which is 1 year after the date prescribed by this paragraph for payment of the preceding installment.

B. Bond Requirement

Section 6166(d) provides that "If an election under subsection (a) is made, the provisions of this subtitle shall apply as though the Secretary were extending the time for payment

of the tax."  Section 6166(k) provides the following cross-references:

> SEC. 6166(k).  Cross References--
>
> (1)  Security.--For authority of the Secretary to require security in the case of an extension under this section, see section 6165.
>
> (2)  Lien.--For special lien (in lieu of bond) in the case of an extension under this section, see section 6324A.

Section 6165 provides:

> SEC. 6165.  BONDS WHERE TIME TO PAY TAX OR DEFICIENCY HAS BEEN EXTENDED.
>
> In the event the Secretary grants any extension of time within which to pay any tax or any deficiency therein, the Secretary may require the taxpayer to furnish a bond in such amount (not exceeding double the amount with respect to which the extension is granted) conditioned upon the payment of the amount extended in accordance with the terms of such extension.

Section 6324A provides in relevant part:

> SEC. 6324A. SPECIAL LIEN FOR ESTATE TAX DEFERRED UNDER SECTION 6166.
>
> (a) General Rule.--In the case of any estate with respect to which an election has been made under section 6166, if the executor makes an election under this section (at such time and in such manner as the Secretary shall by regulations prescribe) and files the agreement referred to in subsection (c), the deferred amount (plus any interest, additional amount, addition to tax, assessable penalty, and costs attributable to the deferred amount) shall be a lien in favor of the United States on the section 6166 lien property.

C.  Judicial Review

Before the enactment of section 7479 in the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 505(a), 111 Stat. 854, generally the only recourse estates had in a dispute over a section 6166 election was to pay the tax first and seek a refund. See, e.g., Estate of Meyer v. Commissioner, 84 T.C. 560, 562 (1985); cf. Snyder v. United States, 630 F. Supp. 182 (D. Md. 1986).  However, Congress realized that this limited recourse would often defeat the purpose of the relief section 6166 provided, which was to allow estates whose assets were mainly composed of small businesses to defer payment of tax so they could avoid having to liquidate their small businesses to fulfill their obligation to pay the tax within 9 months.  See H. Rept. 105-148, at 358 (1997), 1997-4 C.B. (Vol. 1) 319, 680.  Section 7479(a) provides:

> SEC. 7479(a).  Creation of Remedy.--In a case of actual controversy involving a determination by the Secretary of (or a failure by the Secretary to make a determination with respect to)--
>
> (1) whether an election may be made under section 6166 (relating to extension of time for payment of estate tax where estate consists largely of interest in closely held business) with respect to an estate (or with respect to any property included therein), or
>
> (2) whether the extension of time for payment of tax provided in section 6166(a) has ceased to apply

> with respect to an estate (or with
> respect to any property included
> therein),

> upon the filing of an appropriate pleading,
> the Tax Court may make a declaration with
> respect to whether such election may be made
> or whether such extension has ceased to
> apply.  Any such declaration shall have the
> force and effect of a decision of the Tax
> Court and shall be reviewable as such.

## II.  Evolution of the Commissioner's Position

The Commissioner has changed his position regarding whether a bond is required for a section 6166 election four times over the last 15 years.

In a 1987 IRS General Litigation Bulletin (GLB),[4] the Internal Revenue Service (IRS) posed the question "Is a bond or notice of lien required only if the personal representative seeks discharge from personal liability for the estate tax?"  IRS General Litigation Bulletin No. 323 (Aug. 1987).  The Commissioner's answer was that "An estate executor may elect to extend the time for payment of the estate tax under IRC 6166 without either posting bond, or obtaining agreement to the creation of an IRC 6324A lien.  If neither is done, however, the

_____

[4]Although General Litigation Bulletins are not precedent, sec. 6110(k)(3), they "'do reveal the interpretation put upon the statute by the agency charged with the responsibility of administering the revenue laws'", Thurman v. Commissioner, T.C. Memo. 1998-233 (quoting Hanover Bank v. Commissioner, 369 U.S. 672, 686 (1962)).

executor does not meet the requirements of IRC 2204 for a discharge from personal liability." Id.

In a 1993 GLB, the IRS changed its position:

Advice was requested as to whether the division would reconsider its position taken in a 1987 memorandum that the Service could not require a bond or lien under I.R.C. § 6324A once a personal representative requested to pay the estate tax in installments pursuant to I.R.C. § 6166 and all the requirements of section 6166 were met. Having reconsidered the issue, we now take the view that the Service may refuse to grant an extension of time for payment of estate taxes where the personal representative refuses to post a bond. [Ed. Note: This bulletin item changes the position taken in 51.06.00-17, issue 3].

IRS General Litigation Bulletin No. 398 (Nov. 1993).

The IRS once again reversed itself in a 1997 GLB:

Nothing in section 6166 or the regulations thereunder requires the executor to agree to the section 6324A lien or to post a section 6165 bond as a prerequisite to granting an extension of time to pay estate tax under section 6166. In addition, the legislative history behind section 6166, as last amended, indicates that Congress intended to liberalize the extension provisions. S. Rep. No. 938, 94th Cong., 2d Sess. 18 (1976). Furthermore, the committee reports specifically state that the section 6324A lien is elective, and if elected, the lien is in lieu of the executor's personal liability and a bond. See H.R. Rep. No. 1380, 94th Cong., 2d Sess. 33 (1976); Staff of the Joint Committee on Taxation, 94th Cong., 2d Sess., General Explanation of Tax Reform Act of 1976 549 (Comm. Print 1976).

Although we believe the Service should not make a section 6324A lien or a section 6165 bond a prerequisite to granting an extension of time to pay estate tax under section 6166, the Service may require an executor of an estate to provide security after granting the section 6166 election. However, in situations where the estate's eligibility for section

6166 installment treatment is questionable, the Service should rely on the operative provisions of section 6166 to deny the election in the first instance.  Memorandum from Chief, Branch 1 (General Litigation) to Ohio District Counsel, dated October 24, 1997.

IRS General Litigation Bulletin No. 447 (Dec. 1997).

The IRS reversed itself for the third time in 2000:

The Service _may_ require a bond under I.R.C. § 6165, but not the special lien under I.R.C. § 6324A, as a prerequisite of granting a section 6166 election.

       *      *      *      *      *      *      *

There are no statutory or regulatory provisions under section 6166 covering the issue of the timing of the Service's request for security nor is there any case law.  Since the law in this area is not well settled, we recommend that the Service take a conservative approach and establish standards for determining whether a bond should be a condition to granting the extension.

Chief Counsel Advice (CCA) 200027046 (Apr. 26, 2000) (emphasis added).

Ultimately, the Commissioner did not adhere to the position he took in 2000.  In 2002, the Commissioner modified the Internal Revenue Manual to announce his current position, which, unlike any previous position, adopted a bright-line bond requirement:

> The Service requires estates to furnish a surety bond as a prerequisite for granting the installment payment election. Instead of furnishing a surety bond, the estate may choose to elect the special lien provided for in IRC 6324A that requires the estate to have a lien placed on a specific property. This property must have a value equal to the total

> deferred tax plus four years of interest and must be expected to exist until the entire tax is paid.

Internal Revenue Manual sec. 4.25.1.4.9(1).

The Commissioner's determination to require security for all section 6166 elections was made in response to the recommendation of the U.S. Treasury Inspector General for Tax Administration (TIGTA). See TIGTA Rept. 2000-30-059, The Internal Revenue Service Can Improve the Estate Tax Collection Process (March 2000) (the TIGTA report). The TIGTA report found that 93 percent of the total outstanding estate tax balances were not secured by a bond or a special lien for the full term of the agreement. Id. It also found that the Commissioner was attempting to collect $177 million in overdue tax balances involving 187 defaulted installment agreements that had not been secured by bonds or liens and that $50 million due from 252 estates that had defaulted on installment agreements not secured by bonds or liens was no longer collectible. Id. On the basis of these default rates, the TIGTA report recommended that the Commissioner secure his interest in all section 6166 deferrals with either bonds or special liens.

III. Jurisdiction Under Section 7479

There is a strong presumption that the actions of an administrative agency are subject to judicial review. Abbott Labs. v. Gardner, 387 U.S. 136, 140-141 (1967); United States v.

Winthrop Towers, 628 F.2d 1028, 1032, 1035 (7th Cir. 1980); Estate of Gardner v. Commissioner, 82 T.C. 989, 994 (1984) (citing Dunlop v. Bachowski, 421 U.S. 560, 567 (1975)). Respondent argues that his determination in this case is not reviewable because the decision to require a bond or a special lien is committed to agency discretion by law.[5]  See 5 U.S.C. sec. 701(a)(2) (2000).  Respondent supports his premise with the following arguments:  (1) Section 7479 limits review to the eligibility requirements contained in section 6166 itself, which do not include the requirement of a bond under section 6165; and (2) even if the Court had jurisdiction to review respondent's exercise of discretion to require a bond, section 6165 provides no standard for the application of respondent's discretion and therefore no criteria for the Court to judge whether respondent has exceeded his authority.  We shall address each of respondent's arguments individually.

    A.    Section 7479 Does Not Limit Judicial Review to the Substantive Requirements of Section 6166

Ironically, respondent argues that we have jurisdiction over only the eligibility requirements for the section 6166 election while simultaneously taking the position that the provision of a bond or a special lien is required for any estate to be eligible for the election.  Even if we ignore this glaring contradiction,

----

[5]Respondent concedes that no statute prohibits judicial review under 5 U.S.C. sec. 701(a)(1) (2000).

we find respondent's arguments based on the statutory scheme of sections 6166 and 6165 to be unpersuasive.

### 1.    "See" Cross-Reference in Section 6166(k)

Respondent's first argument is that section 6166 itself precludes judicial review, citing 5 U.S.C. sec. 701(a)(1). Respondent argues that Congress did not intend to incorporate section 6165 into section 6166 because section 6166 only cross-references section 6165.  Respondent contends that since there is no legal effect to the cross-reference under section 7806(a),[6] section 6165 is not part of section 6166, and therefore is outside the scope of our review under section 7479.

Respondent's argument overlooks section 6166(d), which provides that once the executor elects the extension under 6166(a), the provisions of the subtitle shall apply as if the Secretary were granting an extension.  Section 6165 applies in the event that the Secretary grants any extension within which to pay tax.  Therefore, section 6165 is incorporated as a substantive part of section 6166(a) through (d).

### 2.    Section 7479 and Accompanying Legislative History

Respondent argues that section 7479 gives the Court jurisdiction to review only a determination with respect to the

---

[6]Sec. 7806(a) provides that "The cross references in this title to other portions of the title, or other provisions of law, where the word 'see' is used, are made only for convenience, and shall be given no legal effect."

substantive requirements of the election.  To support his argument, respondent cites the legislative history of section 7479, which states:

> If the Commissioner determines that an estate was not initially eligible for deferral under section 6166, or has lost its eligibility for such deferral, the estate is required to pay the full amount of estate taxes asserted by the Commissioner as being owed in order to obtain judicial review of the Commissioner's determination.

H. Rept. 105-148, supra at 358, 1997-4 C.B. (Vol. 1) at 680.

Respondent argues that this language tracks the language in section 7479 that grants the Tax Court jurisdiction to issue declaratory judgments as to whether an election "may be made" or has "ceased to apply".  Sec. 7479(a).  Respondent focuses on section 6166(a) and (g), which provides that an executor "may elect" to pay the tax in installments and that if certain conditions occur, the election "shall cease to apply". Respondent concludes that this language is evidence of congressional intent to limit our review to those particular subsections.

Respondent's attempt to selectively take phrases from the statute and the legislative history to support his narrow reading is unpersuasive.  Section 7479 gives the Court authority to review a determination by the Secretary of whether an election may be made.  The determination respondent made in this case is not confined to an application of section 6166(a) and (g).

Respondent determined that an election may not be made because the estate was not initially eligible. There is nothing in the statute or the legislative history that precludes our review of the reasons. A narrow reading such as respondent's would also preclude our review of the denial of an election "'if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group'". Estate of Gardner v. Commissioner, supra at 1000 (quoting Wong Wing Hang v. INS, 360 F.2d 715, 719 (2d Cir. 1966)). "Such allegations, if proved, would constitute the very essence of arbitrary administrative action and an abuse of the discretion granted." Id. We cannot imagine that Congress intended to eliminate review of determinations where such circumstances were alleged to have existed.

Further, respondent's interpretation would frustrate the legislative purpose behind both sections 6166 and 7479. Congress enacted section 7479 because "[it] believed that taxpayers should have access to the courts to resolve disputes over an estate's eligibility for the section 6166 election, without requiring potential liquidation of the assets that the installment provisions of section 6166 are designed to protect." Staff of Joint Comm. on Taxation, General Explanation of Tax Legislation Enacted in 1997, at 74 (J. Comm. Print 1997). The broad

legislative purpose shows that Congress did not intend section 7479 to have the limited scope that respondent urges.

    B.    <u>Respondent's Arguments Concerning the Lack of Judicially Manageable Standards in Section 6165 Are Misdirected</u>

In the absence of a specific statutory preclusion of review,[7] agency action may be determined to be "'committed to agency discretion by law'" only when a fair appraisal of the entire legislative scheme, including a weighing of the practical and policy implications of reviewability, persuasively indicates that judicial review should be circumscribed. <u>Estate of Gardner v. Commissioner</u>, 82 T.C. at 995 (quoting <u>Local 2855, AFGE v. United States</u>, 602 F.2d 574, 578 (3d Cir. 1979)).

Respondent argues that because section 6165 provides that he "may" require a bond, and provides no other conditions for this authority, the decision to require security when granting a section 6166 extension is "committed entirely to respondent's discretion."

We rejected respondent's argument in the context of a similar statute in <u>Estate of Gardner v. Commissioner</u>, 82 T.C. 989 (1984). In <u>Estate of Gardner</u>, the estate elected under section 2032A to value its farm at its actual use rather than its best use. However, section 6075 required that the timing of the

---

[7]Respondent concedes that nothing in sec. 6165 expressly precludes judicial review.

election coincide with the 9-month period for filing an estate tax return under section 2001. The estate requested that the Commissioner exercise his discretion and extend the due date under section 6081(a) because the estate's tax return preparer had died unexpectedly. The examining agent told the executrix in a later meeting that the estate had made a good case for an extension but that his supervisor had told him he must deny the request for an extension because his supervisor disliked farmers, believing farmers were too rich, got away with too much already, and did not deserve any further breaks. The estate was not thereafter afforded an Appeals Office conference.

The Government moved for summary judgment, arguing that section 6081 was committed to agency discretion. Section 6081(a) has language similar to that of section 6165, providing that "The Secretary may grant a reasonable extension of time for filing any return, declaration, statement, or other document required by this title or by regulations." The Government argued that because the statute provided simply that the Commissioner "may" grant an extension, the statute lacked ascertainable standards on which the Court could base its review.

We rejected the Government's argument, first noting that the "committed to agency discretion" exception to the general rule of reviewability is a very narrow one. Estate of Gardner v. Commissioner, supra at 995 (citing Citizens to Preserve Overton

Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971)) (other citations omitted).  We also observed that we regularly review discretionary acts of the Government.  Id. at 997 n.11.  We also explained that nothing suggested that the Government's exercise of discretion under section 6081 involves any agency expertise beyond the competence of courts and that "'No delicate political or economic questions present themselves.  To the contrary, we need only ask whether * * * [the Government exercised its discretion] in a rational, nonarbitrary, and regular fashion'."  Id. at 998 (quoting Hondros v. U.S. Civil Serv. Commn., 720 F.2d 278, 294 (3d Cir. 1983)).

In this case, we do not need to decide whether all determinations under section 6165 are reviewable.  We are not reviewing a determination made under section 6165.  We are reviewing respondent's determination under section 6166.  See sec. 7479(a).  We have already held that we have jurisdiction to review all reasons for respondent's determination that the estate may not make an election under section 6166.  Therefore, respondent's arguments relating to section 6165 are not applicable.

We conclude that we have jurisdiction under section 7479 to review respondent's determination that the estate does not qualify for the section 6166 election because the estate did not meet respondent's requirement of a bond or a special lien.

IV.  Respondent's Denial of the Section 6166 Election on the Basis of Bright-Line Bond Requirement Is an Abuse of Discretion

A.  Standard of Review

When reviewing an agency action, a reviewing court shall hold unlawful and set aside any agency action that is arbitrary, capricious, or an abuse of discretion.  See Keene v. Commissioner, 121 T.C. 8, 17-18 (2003) ("when a taxpayer's underlying tax liability is not properly at issue in the administrative hearing, we review the Appeals Office's determination for abuse of discretion") (citing Lunsford v. Commissioner, 117 T.C. 183, 185 (2001)).  Respondent argues that we do not have abuse of discretion review under section 6166 because section 7479 also gives us jurisdiction over eligibility for the section 6166 election in the case of a "failure by the Secretary to make a determination".  Sec. 7479(a).  Thus, respondent argues that Congress did not intend an abuse of discretion standard.  Contrary to respondent's assertion, abuse of discretion has been found in situations where the Commissioner's refusal to exercise discretion is arbitrary, capricious, or unreasonable.  See Greene v. Commissioner, T.C. Memo. 1997-296 (citing Mailman v. Commissioner, 91 T.C. 1079 (1988), Estate of Gardner v. Commissioner, supra, and Haught v. Commissioner, T.C. Memo. 1993-58).

B.     The Commissioner's Oscillating Position Is Entitled to Less Deference

At the outset, we are wary of the Commissioner's position because of the oscillations in his interpretation of the bond requirement demonstrated by his published guidance over the years.  Although the published guidance discussed earlier cannot be cited as precedent under section 6110(k)(3), it highlights the Commissioner's confusion about the proper interpretation of the bond requirement.  The Commissioner's current interpretation, being in conflict with his initial position (and his penultimate position), is entitled to considerably less deference.  Watt v. Alaska, 451 U.S. 259, 273 (1981) (citing Gen. Elec. Co. v. Gilbert, 429 U.S. 125, 143 (1976)).

C.     The Plain Language of Sections 6166 and 6165 Imposes a Discretion That Respondent Failed To Exercise

The statutory scheme of sections 6166 and 6165 reveals that the bond requirement is discretionary and was not intended to be mandatory.  The substantive requirements of section 6166 are confined to section 6166(a) and (g).  None of these requirements include securing a bond or a special lien under section 6324A.  Rather than making security a substantive requirement, Congress incorporated the Commissioner's discretionary authority under section 6165, which provides that the Secretary may require a bond.  Thus, section 6165 gives the Commissioner discretion to require a bond for extension of time to pay tax, but it does not

make it mandatory. Implicit in this grant of discretion is a statutory obligation to exercise discretion. Respondent, however, has not exercised discretion in spite of the fact that he concedes in his memorandum that requiring a bond under section 6165 is "unquestionably a discretionary act that could only be subject to an abuse of discretion review." See also CCA 200027046 (Apr. 26, 2000) ("Although the Service can require a section 6165 bond or accept a section 6324A lien agreement, such action is discretionary and not a statutory or regulatory requirement of section 6166.").[8]

The notice of determination states that the estate failed to demonstrate why respondent should exercise his discretion and <u>waive</u> the bond requirement. Section 6165 does not give the Commissioner the authority to waive a bond requirement--it gives the Commissioner discretion to require a bond. This distinction is elucidated by the legislative history, which states that "the Internal Revenue Service may, if it deems it necessary, require the executor to furnish a bond". S. Rept. 94-938 (Part 2), at 17 (1976), 1976-3 C.B. (Vol. 3) 643, 659. Therefore, it is evident that Congress envisioned the furnishing of a bond to be a discretionary requirement that the Commissioner may impose in certain cases, and did not intend it to be a universal

---

[8]We are merely citing this Chief Counsel Advice as evidence of respondent's position. See <u>Thurman v. Commissioner</u>, T.C. Memo. 1998-233.

requirement that the Commissioner has discretion to waive. However, regardless of this semantic difference, we focus our criticism of the Commissioner's position on his adoption of a bright-line rule requiring a bond or lien in every case.

We are aware that a narrow construction should be applied to the deferral benefit provisions of section 6166.  Estate of Bell v. Commissioner, 928 F.2d 901, 903 (9th Cir. 1991) (citing Commissioner v. Jacobson, 336 U.S. 28, 49 (1949), and Helvering v. Nw. Steel Rolling Mills, 311 U.S. 46, 49 (1940)), affg. 92 T.C. 714 (1989).  However, even the strictest construction of section 6166 does not give the Commissioner the authority to impose a mandatory bond requirement without exercising any discretion.  Imposing such a requirement in every case would rewrite the statute to make a bond a substantive requirement of section 6166, which Congress did not intend.  The deliberate decision to incorporate section 6165 in such an intricate manner, rather than simply make a bond requirement part of the substantive requirements of the election, evidences that Congress did not intend to make the securing of a bond or a special lien a requirement in every case.

D.    Legislative History

The legislative history of section 6166 shows that Congress did not envision a mandatory bond requirement.  Congress enacted section 6166 because the existing law was "inadequate to deal

with the liquidity problems experienced by estates in which a substantial portion of the assets consist of a closely held business".  H. Rept. 94-1380, at 30 (1976), 1976-3 C.B. (Vol. 3) 735, 764; and see Estate of Bell v. Commissioner, supra at 902 ("The purpose of section 6166 is to prevent the forced liquidation of closely held businesses because substantial estate taxes must be paid." (citing H. Rept. 94-1380, supra at 30, 1976-3 C.B. (Vol. 3) at 764, and S. Rept. 94-938 (Part 2), supra at 18-19, 1976-3 C.B. (Vol. 3) at 660-661).  Congress was concerned that "In many cases, the executor is forced to sell a decedent's interest in a farm or other closely held business in order to pay the estate tax."  H. Rept. 94-1380, supra at 30, 1976-3 C.B. (Vol. 3) at 764.  Allowing the Commissioner to impose a mandatory bond requirement exacerbates the problem that Congress was dealing with in enacting the statute.  Estates such as the one in this case have liquidity problems that would make it difficult not only to pay tax but also to secure a bond.  Also, the closely held nature of the small businesses that give rise to the election may make it more difficult for these businesses to be able to offer to secure their assets with liens.  This does not mean, however, that the financial risk is too great to allow the estate to pay its tax in installments.  The record in this case suggests that the executor is a wealthy, well-respected businessman; that the businesses giving rise to the election are

extremely profitable and well managed; and that the nature of the estate's business assets ensures adequate cashflow to pay the installments timely. There may be cases where the facts reveal that collection is reasonably assured and a bond is not necessary. We are not implying that a bond or a special lien is not necessary in this case. We are merely stating that without exercising his discretion and evaluating the facts diligently and thoroughly, respondent is depriving the estate of the opportunity to demonstrate why a bond is not necessary.

E. The Commissioner's Uniform Requirement Precluding the Exercise of Discretion Exceeds the Administrative Authority Delegated to Him

By adopting a bright-line rule in every case, the Commissioner has shirked his administrative duty to state findings of fact and reasons to support his decisions that are sufficient to reflect a considered response to the evidence and contentions of the losing party and to allow for thoughtful judicial review. Harborlite Corp v. ICC, 613 F.2d 1088, 1092 (D.C. Cir. 1979) (citing Secy. of Agric. v. United States, 347 U.S. 645, 652-654 (1954)). There is a recognized distinction in administrative law between proceedings for the purpose of promulgating policy rules or standards, on the one hand, and proceedings designed to adjudicate disputed facts in particular cases, on the other. Id. at 1092 n.5 (quoting United States v. Florida E. Coast Ry., 410 U.S. 224, 245 (1973)). The

Commissioner has used his adjudicative capacity to adopt a policy that trumps the discretionary authority granted by section 6165 to require a bond. Although requiring a bond in this case may be reasonable, respondent did not look at the facts of the case. If respondent had exercised his discretion, the result might have been reasonable; however, the means to the end was still arbitrary.[9]

Respondent's failure to exercise discretion is grounds to set aside his determination. See Asimakopoulos v. INS, 445 F.2d 1362 (9th Cir. 1971) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 266-268 (1954)). An agency's reliance on a standard that prevents the exercise of discretion warrants further proceedings. See id. at 1365. Respondent argues that factors such as the estate's creditworthiness are not the only factors he is able to consider in making his decision. He contends that the difficulties in administering the deferrals that were discussed in the TIGTA report were valid factors for him to consider in the estate's case. Respondent further argues that there is always risk of default in a debtor-creditor relationship and that IRS collection experience showed a high

---

[9]We do not address in this Opinion whether the Commissioner could have exercised his discretion through the promulgation of a regulation. See, e.g., Fook Hong Mak v. INS, 435 F.2d 728, 730 (2d Cir. 1970). Here, he established his bright-line test through insertion in the Internal Revenue Manual without any opportunity for notice and comment.

default rate in collection.  We agree that respondent should be able to consider factors such as administrative convenience and revenue collection.  However, considering these factors exclusively precludes any exercise of discretion in a particular case, which is what the Court of Appeals for the Ninth Circuit eschewed in Asimakopoulos.

V.    Conclusion

We have found that respondent has arbitrarily failed to exercise his discretion and may not impose a bright-line bond requirement.  Therefore, for the above reasons, we will deny respondent's motion for summary judgment.  However, we will not adjudicate the merits of the dispute at this juncture as the estate requests in its cross-motion for summary judgment.  The record does not contain sufficient facts for us to decide the merits of the estate's assertion that furnishing security is not necessary in this case.  The uncontested facts do not allow us to resolve the matter in favor of the estate.  Therefore, we shall also deny the estate's cross-motion for summary judgment to the extent that it seeks a final disposition of the matter.

To reflect the foregoing,

An appropriate order will be
issued.