T.C. Memo. 2013-228

UNITED STATES TAX COURT

ESTATE OF FRANKLIN Z. ADELL, DECEASED, KEVIN R. ADELL,
TEMPORARY CO-PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20911-12.                    Filed September 30, 2013.

Steven S. Brown, Denis J. Conlon, and Royal B. Martin, for petitioner.

Angela B. Reynolds, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before us on respondent's motion for

summary judgment (respondent's motion).  We shall grant respondent's motion.

[*2] <u>Background</u>

The record establishes, the parties agree, and/or the parties do not dispute the following.

On August 13, 2006, Franklin Z. Adell (decedent) died. The estate of the decedent is being probated under the laws of the State of Michigan.

Kevin R. Adell (Mr. Adell), the estate's representative in this case, resided in Michigan at the time the petition was filed.

On July 11, 2007, the estate of the decedent (estate) filed with respondent Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes (Form 4768). The following appeared in an attachment to that form:

> The decedent's estate owns a controlling interest in several closely held businesses. The estate is still awaiting proper validations [sic] of the business interests from a third party valuator. Based upon the results of the valuations, it is contemplated that the estate will make a Section 6166 election computing the deferred and nondeferred portions of the estate tax. As of the date of this extension to pay request, without the valuations, the executor is unable to determine the amount of the tax due in total as well as the deferred and nondeferred potions [sic] under Section 6166.
>
> Based on the above, the executor respectfully requests a six (6) month extension to pay the tax.

**[*3]** Respondent extended to November 13, 2007, the date on which Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return (Form 706), was required to be filed and any estate and generation-skipping transfer taxes were required to be paid.

On November 13, 2007, the estate filed Form 706 in which it showed on page 1, line 20, estate tax due of $15,288,517, which respondent assessed. The estate included with Form 706, inter alia, Schedule G, Transfers During Decedent's Life (Schedule G). That schedule showed that the decedent had transferred during his life to the "Franklin Z. Adell Trust UAD 07-17-02" (Adell trust), inter alia, certain shares of stock that he owned in Birmingham Properties, Inc. (Birmingham Properties), STN.Com, Inc. (STN.Com), and Adell Broadcasting Corp. (Adell Broadcasting). Schedule G showed the following respective date-of-death values of those shares in those companies: $960,166, $9,300,000, and $6,000,000.

Included with Form 706 was a document titled "Election to Defer the Payment of Estate Taxes for Five Years and Pay Estate Taxes in Installments" (section 6166 election statement), in which the estate elected under section 6166[1]

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

**[*4]** "to defer the payment of estate taxes for five years and thereafter to pay the estate taxes in ten (10) annual installments, including the first installment." In support of that election, the estate represented in the section 6166 election statement that the decedent was a U.S. citizen who died on August 13, 2006, that Form 706 was due on or before November 13, 2007, that the estate is liable for total estate tax of $15,288,517, that the estate was electing to defer the payment of a portion, i.e., $7,193,960, of that total estate tax (deferred estate tax), and that the first installment of the deferred estate tax would be paid on May 14, 2012.

Attached to the section 6166 election statement were schedules that showed, inter alia, the names of the following three closely held businesses, which were also shown in Schedule G: Birmingham Properties, STN.Com, and Adell Broadcasting. Those schedules also showed the following respective date-of-death values of the shares of stock in those respective businesses that decedent transferred during his life to the Adell trust, which were the same respective date-of-death values of those shares shown in Schedule G: $960,165.87, $9,300,000, and $6,000,000. The schedules attached to the section 6166 election statement also showed, inter alia, total estate tax of $15,288,517, the amount reported on page 1, line 20, of Form 706, as well as computations of the respective amounts of the portion of that estate tax, i.e., $8,094,556.56, the payment of which was not to

[*5] be deferred (nondeferred estate tax), and the deferred estate tax, i.e.,

$7,193,960.44. The estate paid the nondeferred estate tax of $8,094,557[2] when it

filed the estate's Form 706 on November 13, 2007.

On December 19, 2007, respondent calculated on the basis of the estate tax

due of $15,288,517 shown in Form 706 that the amount of the nondeferred estate

tax was $8,094,551.19, the amount of the deferred estate tax was $7,193,965.81,

and the amount of each of the 10 annual installments of the deferred estate tax was

$719,396.58.

On January 8, 2008, respondent sent a letter (January 8, 2008 letter) to the

estate's representatives that stated in pertinent part:

> We received your notice of election [under section 6166] to make
> installment payments of tax for the estate of Franklin Z. Adell.
>
> Pending verification of the information you have sent to us and until
> further review of the particulars of your request, we have established
> the account as follows:
>
> | | |
> |---|---|
> | Total tax assessed | $ 15,288,517.00 |
> | Tax amount not qualifying for installments | $ 8,094,551.19 |
> | Tax amount qualifying for installments | $ 7,193,965.81 |
> | Annual tax installment     $     719,396.58 | |

---

[2]The estate rounded the amount of the nondeferred estate tax that it paid to the nearest dollar.

**[*6]**  The January 8, 2008 letter informed the estate that the first payment of interest on the deferred estate tax was due on May 13, 2008, and that the first estate tax installment with interest was due on May 13, 2012.

On April 28, 2008, respondent assessed interest of $240,087.77 on the deferred estate tax, which the estate paid on May 12, 2008.

On April 27, 2009, respondent assessed interest of $170,094.85 on the deferred estate tax, which the estate paid on May 15, 2009.

On August 13, 2009, respondent sent a bill to the estate (August 13, 2009 statement) for interest through August 31, 2009, of $367,954.11 on the nondeferred estate tax.

On August 20, 2009, the estate's representative sent a letter to respondent that stated in pertinent part that "no interest should be due on the non-deferred tax stated in your [August 13, 2009] statement".

On September 7, 2009, respondent assessed interest of $367,954.11 on the nondeferred estate tax.

On September 30, 2009, respondent sent a bill to the estate (September 30, 2009 statement) for interest of $369,611.01 on the nondeferred estate tax, which included assessed interest of $367,954.11 and interest accrued to October 12, 2009, of $1,656.90.  The September 30, 2009 statement explained that respon-

**[\*7]** dent's granting an extension to the estate to pay the nondeferred estate tax relieved the estate from being liable for the addition to tax for failure to pay timely that nondeferred estate tax but did not relieve the estate from paying interest thereon from the date on which the estate was originally required to pay that nondeferred estate tax.

On October 8, 2009, in response to the September 30, 2009 statement, the estate's representative sent a letter (October 8, 2009 letter) to respondent. That letter stated in pertinent part:

> This letter is in response to your correspondence dated September 30, 2009 assessing interest of $369,611.01 through October 12, 2009, for the non-deferred portion of the estate tax * * *. At this point, the estate does not have sufficient liquid assets to pay the required interest balance. The estate made a Code Sec. 6166 election upon filing the return due to illiquidity.

> Based upon the above, we respectfully request a one year extension to pay the balance owed. It is understood that interest will continue to accrue. However the estate does not have the ability to pay the amount owed at this time. The estate has made all required payments on the deferred [sic] portion of the tax, so a one year extension on the non-deferred portion of interest would be appreciated.

[*8]  On October 19, 2009, respondent assessed interest of $1,656.90[3] on the non-deferred estate tax, which increased the outstanding balance of assessed interest to $369,611.01.

On October 23, 2009, in response to the October 8, 2009 letter, respondent sent a letter to the estate's representatives.[4]  Respondent informed those representatives in that letter that the estate's request for an extension of time to pay was under review.

On January 22, 2010, respondent sent a letter (January 22, 2010 letter) to the estate's representative in which respondent asked him to complete on behalf of the estate and to submit to respondent another Form 4768 in which the estate was to show in part III of that form "the extension date request * * * [as] 9/13/10 which is 12 months from the date of the first notice informing you of the balance due."[5]

---

[3]The interest of $1,656.90 that respondent assessed on October 19, 2009, was shown on the September 30, 2009 statement as accrued interest to October 12, 2009.

[4]At various times the estate has had one or more than one representative, which explains why we refer at times to the estate's representative and at other times to the estate's representatives.

[5]The record before us establishes that the date of the first notice, which is what we refer to herein as the August 13, 2009 statement, was August 13, 2009, not September 13, 2009, as stated in the January 22, 2010 letter.  The discrepancy is not material to our resolution of the issue presented in respondent's motion.

[*9] Respondent also asked the estate in the January 22, 2010 letter to provide respondent with the estate's "proposal or plan on how this liability [unpaid interest on the nondeferred estate tax] will be satisfied."

Thereafter, the estate submitted to respondent another completed Form 4768 that the estate's representative signed on January 26, 2010 (January 26, 2010 Form 4768). Attached to that form was a statement in which the estate requested "additional time * * * to pay this interest [on the nondeferred estate tax] so that the estate can arrange to borrower [sic] the funds from the estate owned businesses."

On February 3, 2010, respondent sent a letter (February 3, 2010 letter) to the estate's representative in which respondent informed that representative that the estate's request to extend the time to pay had been approved and that the date for payment was September 13, 2010. That letter stated in pertinent part:

> [T]he granting of an extension of time for payment does not relieve the estate from liability for the payment of interest during the period of extension. Any future request for extension of time to pay the liability must be applied for on or before the date of the expiration of the previous extension.
>
> The following information should be provided with any subsequent extension requests if the estate has not liquidated or borrowed from sufficient assets to pay a substantial portion of the balance of estate tax and interest by the extended due date of 9/13/2010.
>
> • Copy of the first three pages of Form 706 and Schedules A through K

**[\*10]** • A detailed accounting of the distribution of any assets of the estate
• Verification of the estate's attempts to liquidate assets to pay the IRS
• The estate's plan to pay the estate tax liability in full

On April 26, 2010, the probate court of Oakland County, Michigan (Oakland County probate court), appointed Joseph Ehrlich (Mr. Ehrlich) as the successor temporary personal representative of the estate.

On July 31, 2010, the estate filed an amended Form 706. That amended form (1) showed zero as the date-of-death value of STN.Com, instead of $9,300,000 as originally reported in Form 706 that the estate filed on November 13, 2007, and (2) reclassified a payment that the decedent had made on behalf of his son, Mr. Adell, as a taxable gift instead of a loan to his son and a loan receivable to the estate as originally reported in Form 706 filed on November 13, 2007.

On May 3, 2010, respondent assessed interest of $131,785.59 on the deferred estate tax.

On May 10, 2010, respondent received another Form 4768 (May 10, 2010 Form 4768) on behalf of the estate from Mr. Ehrlich, whom the Oakland County probate court had appointed successor temporary personal representative of the estate a few weeks before on April 26, 2010. In that form, the estate requested

**[\*11]** another extension of time to pay until March 13, 2011.  Attached to the May 10, 2010 Form 4768 was a statement in which the estate requested "an extension of time in which to pay this installment * * * so as to permit sufficient time for the new Probate Judge to hear and consider many of the pending matters and, for the Successor Temporary Personal Representative to obtain assets to satisfy the installment."  Mr. Ehrlich elaborated in the attachment to the May 10, 2010 Form 4768 on the "pending matters" as follows:

> The matters of the Estate of Franklin Z. Adell (Oakland County Probate File No. 2009-326,045-DA) and the Franklin Adell Trust dated July 17, 2002, (Oakland County Probate File No. 2008-319,178-TV) have been embroiled in protracted litigation for almost two years.  All of the Fiduciaries who were acting when the litigation began and many, who were appointed subsequent to the commencement of the litigation have either resigned, been removed or continue under a cloud of disputed status pending further Court proceedings.  Mr. Ehrlich is the second Temporary Personal Representative.  He was not appointed until March 30, 2010 and did not qualify to act in that capacity until April 26, 2010.  Mr. Ehrlich was also appointed to act as the Independent Successor Trustee on March 30, 2010 but has been unable to qualify to act in that capacity pending the resolution of two contested Petitions relating to his qualification which remain pending.

> On May 3, 2010, the Honorable Eugene Arthur Moore, who had been presiding over the contested matters since their inception recused himself from acting further in this case.  This will further delay any potential relief which may resolve many of the pending issues and afford sufficient liquidity within the Estate and/or Trust to pay the taxes that are due and owing.

[*12]     As of the date of the preparation of this Extension, Mr. Ehrlich does not have control of the assets, most of which are owned by the Decedent's Revocable Trust.  The Special Fiduciary appointed by the Court to review and investigate these matters did indicate, in her report filed with the Court, that various parties who received assets from the Estate and/or the Trust were indebted to the Estate or Trust which may generate sufficient funds to be used for this payment. Additionally, there were several other transactions relating to the businesses which are the subject of the IRC 6166 election that are suspect and subject to challenge, one of which is an inflated salary paid to a former Trustee who was subsequently suspended by the Probate Court.

    We have been advised, although Mr. Ehrlich has only had a limited time in which to investigate and verify the facts supporting this suspicion, that a new lawsuit was recently filed in the Macomb County Circuit Court which apparently seeks, amongst other things, to delay the ability of the Successor Temporary Personal Representative to address issues relating to the payment of the tax with the Internal Revenue Service.  If the efforts are successful, it could jeopardize the Estate's and Trust's ability to pay the tax and could defeat any attempt by the Internal Revenue Service to collect the full amount owed.

On August 4, 2010, in response to the May 10, 2010 Form 4768, respondent sent a letter to the estate's representative.  Respondent informed that representative in that letter that the estate's request for an extension of time to pay was under review.

On August 19, 2010, respondent sent a letter to the estate's representative in which respondent informed that representative that the estate's request to extend the time to pay had been approved and that the date for payment was May 13,

**[*13]** 2011.  That letter, like respondent's February 3, 2010 letter, stated in pertinent part:

> [T]he granting of an extension of time for payment does not relieve the estate from liability for the payment of interest during the period of extension.  Any future request for extension of time to pay the liability must be applied for on or before the date of the expiration of the previous extension.
>
> The following information should be provided with any subsequent extension requests if the estate has not liquidated or borrowed from sufficient assets to pay a substantial portion of the balance of estate tax and interest by the extended due date.
>
> - Copy of the first three pages of Form 706 and Schedules A through K
> - A detailed accounting of the distribution of any assets of the estate
> - Verification of the estate's attempts to liquidate assets to pay the IRS
> - The estate's plan to pay the estate tax liability in full

On August 11, 2010, the Oakland County probate court entered an order appointing Julie Verona and Laurie Fischgrund as successor co-personal representatives of the estate.

At a time not established by the record, respondent commenced an examination of the estate's Form 706 and proposed certain adjustments (respondent's proposed adjustments) to that form, including an adjustment to increase to $92,277,000 the date-of-death value of the shares of stock of STN.Com that the

**[*14]** estate had reported in that form as $9,300,000. Around September 2010, an estate tax attorney with respondent prepared computations of what the amount of each of the 10 annual installments of estate tax would be if the adjustments that respondent proposed to the estate's Form 706 were sustained.

The estate submitted a protest to respondent's proposed adjustments and requested a hearing with respondent's Appeals Office (Appeals Office). In that protest, the estate maintained, inter alia, that the date-of-death value of the shares of stock that the decedent had transferred to the Adell trust was zero as reported in the amended Form 706 that the estate had filed, and not $92,277,000 as respondent had proposed or $9,300,000 as the estate had reported in Form 706 filed on November 13, 2007.

On November 9, 2010, respondent issued a notice of deficiency to the estate. In that notice, respondent determined, inter alia, that the date-of-death value of the shares of stock that the decedent had transferred to the Adell trust was $92,277,000.[6]

---

[6]In the notice of deficiency, respondent also determined to include $2,960,657 in the gross estate of the estate, which respondent determined to be the additional gift tax payable, or the so-called gross-up, with respect to the decedent's corrected taxable gifts for 2006.

**[*15]** On May 2, 2011, respondent assessed interest totaling $152,568.09 that comprised $124,286.37 for the year 2011 on the deferred estate tax and interest of $28,281.72 accrued on the nondeferred estate tax.

On June 28, 2011, respondent sent a bill (June 28, 2011 statement) to the estate for $674,541.91, the total balance due from the estate at that time. That total balance due comprised the following assessments that respondent had made: interest of $344,932.22 on the nondeferred estate tax, interest of $131,785.59 for the year 2010 on the deferred estate tax; interest of $124,286.37 for the year 2011 on the deferred estate tax, interest of $58,280.92 accrued on prior assessments, and a penalty of $15,256.81 for the late payment of an estate tax installment.

On July 18, 2011, respondent assessed a penalty of $15,256.81 for the late payment of an estate tax installment and interest of $5,320.41 on the nondeferred estate tax.

On August 12, 2011, respondent sent a bill to the estate for $693,133.26, the total balance due from the estate at that time. That total balance comprised the following assessments that respondent had made: the prior delinquent amount of $674,541.91 that was shown in the June 28, 2011 statement, interest of $3,334.54 on the nondeferred estate tax, and a penalty of $15,256.81 for the late payment of an estate tax installment.

**[\*16]** On September 5, 2011, respondent assessed a penalty of $15,256.81 for the late payment of an estate tax installment and interest of $3,334.54 on the non-deferred estate tax.

On October 7, 2011, respondent issued to the estate a final notice and demand for estate tax installment payment (final notice and demand) that showed $743,306.77 as the total balance due from the estate at that time. That total balance due comprised the following assessments that respondent had made: interest of $344,932.22 on the nondeferred estate tax, interest of $131,785.59 for the year 2010 on the deferred estate tax; a penalty of $39,535.68 for the late payment of an estate tax installment, interest of $124,286.37 for the year 2011 on the deferred estate tax, a penalty of $37,285.91 for the late payment of an estate tax installment, and interest of $65,481 on the nondeferred estate tax. The final notice and demand also showed a "Payment Due Date" of October 21, 2011, and stated in pertinent part:

> Our records indicate that you have failed to pay the Internal Revenue Code (IRC) section 6166 installment now due. If you fail to pay the delinquent installment by the payment due date shown above, the IRS will terminate your IRC section 6166 election and the total amount of estate tax deferred under IRC section 6166 will be due. The IRS will impose additional interest and failure to pay penalty on the total estate tax liability, after that time.

[*17] On October 31, 2011, respondent assessed a penalty of $46,307.97 for the late payment of an estate tax installment and interest of $3,865.50 on the late payment.

On November 21, 2011, respondent issued to the estate a preliminary Internal Revenue Code section 6166 determination letter (preliminary determination letter) in which respondent informed the estate of respondent's intent to "[t]erminate the IRC section 6166 election * * * and demand immediate payment of the entire amount of the estate tax due". That preliminary determination letter stated in pertinent part:

> **We will deny or terminate your IRC section 6166 election within 30 days of the date of this letter because:**
>
> The estate defaulted on the IRC section 6166 election because it did not make installment payments as required under the statute. IRC section 6166(g)(3) provides that we may terminate the election and collect the entire amount of estate tax liability if any payment of principal or interest is not made within 6 months of the due date for the payment (plus any extension of time granted). An installment payment was due more than 6 months ago. Notice and Demand for payment of the installment was sent to you and no payment was received within 6 months of the date the payment was due. Therefore, the entire amount of unpaid estate tax, including any applicable penalty and interest, is now due.
>
> \*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*
>
> 1. You may file a formal protest and request a conference with the IRS Office of Appeals. * * *

[*18] *　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

You may not bypass the Office of Appeals and petition the Tax Court directly because IRC section 7479 requires you to exhaust your administrative remedies before the Tax Court may review your case. In addition, certain procedures and rights in court (for example, the burden of proof and potential recovery of litigation costs) depend on you fully participating in the administrative consideration of your case, including consideration by the IRS Office of Appeals.

On December 20, 2011, the estate submitted to respondent a protest (estate's protest) to the preliminary determination letter issued and requested a hearing with respondent's Appeals Office (Appeals Office). That protest asserted in pertinent part:

> In general the federal estate tax is due within nine months of a decedent's death [sic] IRC §6075(a). Under §6166(a)(1) a qualifying estate may elect to pay the estate tax in installments over an extended period. In this case the estate made a valid election to defer the payment of estate taxes over the period provided in §6166(a). It made the appropriate interest payments in 2007 and 2008. This election and the payment of the interest payments in the above-mentioned years were made while Kevin Adell was the trustee and representative of the estate.
>
> In 2009, however, Kevin Adell's sisters initiated litigation challenging Kevin Adell's status as a trustee of the Franklin Z. Adell Trust and also his status as a representative of the estate. This litigation is quite contentious and as a result of the actions, Kevin Adell was prevented by court order from making payments on behalf of the estate. As a result, in May 2010 and May 2011, interest payments for the IRC §6166 election were not made by the current trustees.

[*19]     The need to maintain a valid IRC §6166 election in the management of an estate and the substantial assets of a closely held business should not be minimized.  In this case, the probate court at the insistence of the siblings of Kevin Adell needlessly placed in jeopardy the benefits to the estate of the IRC §6166 installment payment provision.

The history of IRC §6166 and Code §7479 which allows judicial review of the disallowance of the application of these provisions is amply explained in the *Estate of P. Roski, Sr. v. Commissioner*, 128 T.C. 113 (2007).  Parenthetically, the importance of the provision has also been discussed in *Estate of Abigail R. Parrish v. Ira S. Loeb*, 83-1 USTC ¶13,507 (USDC, Cen. Dist. Ill. 1982).  The above-cited case of Edward P. Roski, supra[,] establishes that the denial of the installment payment provisions of IRC §6166 is a matter committed to agency discretion by law and does require the proper administration of that discretion.

Here we have a situation where the maintenance of the IRC §6166 election has been prevented by a probate court and intervening family members who appear to be unaware or uninformed concerning the importance of maintaining the election in place.

On December 21, 2011, the attorneys representing Julie Verona and Laurie Fischgrund, the then co-personal representatives of the estate, submitted to respondent a protest (personal representatives' protest) to the preliminary determination letter and requested a hearing with the Appeals Office.  The personal representatives' protest stated in pertinent part:

We understand that our clients' predecessor, Kevin Adell, as Trustee of the Trust, elected to defer the payment of federal estate taxes as reported on the return as originally filed in November 2007 in accordance with the provisions of IRC Section 6166.  We further

[*20] understand that the Trust has failed to make the installment payments as required pursuant to the agreement.

> Our clients stand ready and willing to abide by the terms of the agreement in connection with the 6166 election. However, they are unable to do so. Their predecessor trustee, Mr. Adell, has stripped the Trust of all of its assets and our clients continue to diligently pursue recovery of the assets wrongfully converted by Mr. Adell in the various appropriate courts. Currently, there are at least three separate causes of action pending against Mr. Adell in the probate court and numerous cases pending with the Michigan Court of Appeals. If you require any details regarding the current efforts undertaken by our clients to recover the Trust property, we are happy to provide you with the same.

On March 13, 2012, the attorneys representing Julie Verona and Laurie Fischgrund, who had been the co-personal representatives of the estate, sent by facsimile a letter to respondent with attachments. That letter informed respondent, and certain of those attachments established, that by order dated February 22, 2012, of the Oakland County probate court Ms. Verona and Ms. Fischgrund were discharged as co-personal representatives of the estate. The discharge of those persons as co-personal representatives of the estate resulted from their having reached an agreement with Mr. Adell on January 17, 2012, under which the various pending lawsuits involving the estate or the Adell trust were settled pursuant to certain agreements they had reached.

[*21] Stanley LaBuz (Mr. LaBuz), an Appeals officer, was assigned to consider the estate's protest to the preliminary determination letter, the estate's protest to respondent's proposed adjustments to Form 706, and a related issue involving the gift tax return that the decedent had filed for 2006. Mr. LaBuz and the estate's counsel agreed to consider all of those matters at the same time and that if agreement could not be reached on all of them, there would be no agreement on any of them.

Mr. LaBuz held telephone conferences with the estate's counsel on April 18, 2011, and February 15 and 29, 2012. Thereafter, on June 19, 2012, he met with the estate's counsel. At no time during those telephone conferences and that meeting did the estate's counsel offer any explanation or make any argument as to why the estate believed that its election under section 6166 did not terminate under section 6166(g) upon the issuance to the estate of respondent's notice and demand.

The estate rejected Mr. LaBuz' proposed valuation of the shares of stock of STN.Com. As a result, pursuant to the understanding between him and the estate's counsel, all matters that were being considered at the Appeals Office were unagreed.

On May 7, 2012, respondent assessed interest of $113,230.81 for the year 2012 on the deferred estate tax.

[*22] On August 6, 2012, respondent issued a notice of final determination as provided in section 7479 that extension of time for payment under section 6166 has ceased to apply (notice of determination). That notice of determination stated in pertinent part: "We have determined, as provided by Section 7479 of the Internal Revenue Code (IRC), that the extension of time for payment of tax provided in IRC § 6166 with respect to the estate identified above has been terminated. We regret we have been unable to reach a satisfactory agreement in your case. The enclosed statement explains why this determination was made." Attached to the notice of determination was a document titled "EXPLANATION OF ADJUSTMENTS" that stated in pertinent part: "The election to extend the time for payment of estate tax under IRC section 6166 has been terminated because the estate failed to make installment payments of interest due in May 2010, May 2011 and May 2012."

In the petition[7] commencing this case under section 7479, the estate alleged that respondent erred in terminating the election under section 6166 to extend the time for payment of the estate tax. The sole reason advanced in the petition for that alleged error of respondent is that "the proper amount of the estate tax, the

---

[7]The petition filed was titled "PETITION FOR DECLARATORY JUDGMENT (ESTATE TAX INSTALLMENT PAYMENT)".

[*23] value of a closely held business [STN.Com], and the amount of the adjusted gross estate, are the subjects of a separate Tax Court case, *Estate of Franklin Z. Adell, Kevin R. Adell, Temporary Co-Personal Representative v. Commissioner*, Docket No. 1188-11."

## Discussion

We review for abuse of discretion respondent's determination to terminate the estate's election under section 6166. See sec. 7479(a)(2); Estate of Roski v. Commissioner, 128 T.C. 113, 127 (2007).

The estate does not dispute any of the material facts in support of respondent's motion. We conclude that there are no genuine disputes of material fact for trial.

The estate did not allege in the petition that respondent acted arbitrarily, capriciously, or unreasonably when respondent determined to terminate the estate's election under section 6166. However, in the response to respondent's motion that the estate filed, the estate argues that "the termination of * * * [the estate's] election under I.R.C. §6166 was an abuse of discretion in light of the uncertainty of any additional amount of estate tax owed by the Estate, which liability was the main subject of the negotiations and discussions between Petitioner's counsel and respondent's Appeals Officer LaBuz". According to the

[*24] estate, we should deny respondent's motion and strike this case for trial from our trial session in Chicago, Illinois, commencing on October 28, 2013 and "[a]t the time that an opinion and consequently a decision is entered in the related case in Docket No. 1188-11, this case should be resolved accordingly between the Parties and if not, it should again be set on a Trial Session of this Court."

We reject the estate's position. That the estate maintained in the administrative proceedings before the Appeals Office, and continues to maintain here and in the case at docket No. 1188-11, that the date-of-death value of the shares of stock of STN.Com that the decedent transferred to the Adell trust was not $92,277,000 as determined by respondent or $9,300,000 as originally reported in Form 706 that the estate filed on November 13, 2007, is not material to our resolution of the issue presented in respondent's motion of whether respondent abused respondent's discretion in terminating the estate's election under section 6166.

The record establishes, and the estate does not dispute, that it did not pay interest for the years 2010 and 2011 on the deferred estate tax[8] when required to

---

[8]The record also establishes, and the estate does not dispute, that on May 7, 2012, while the Appeals Office was considering the estate's protest to respondent's preliminary determination to terminate the estate's election under

(continued...)

**[\*25]** do so and that thereafter on October 7, 2011, respondent issued a final notice and demand for, inter alia, that interest.[9] In Estate of Bell v. Commissioner, 92 T.C. 714, 723 (1989), aff'd, 928 F.2d 901 (9th Cir. 1991), we observed that the benefits that section 6166 confers "are privileges granted to the taxpayer by Congress as a matter of legislative grace." As a result, we concluded in Estate of Bell that "the provisions of section 6166 which grant such privileges should be given a strict and narrow construction". Id.

Section 6166(g)(3)(A) provides that except as provided in section 6166(g)(3)(B), a provision that does not apply in this case, "if any payment of principal or interest under this section is not paid on or before the date fixed for its payment by this section * * * the unpaid portion of the tax payable in installments

---

[8](...continued)
sec. 6166, respondent assessed interest for the year 2012 on the deferred estate tax that the estate did not pay when required to do so.

[9]The notice and demand showed a "Payment Due Date" of October 21, 2011, and stated in pertinent part:

> Our records indicate that you have failed to pay the Internal Revenue Code (IRC) section 6166 installment now due. If you fail to pay the delinquent installment by the payment due date shown above, the IRS will terminate your IRC section 6166 election and the total amount of estate tax deferred under IRC section 6166 will be due. The IRS will impose additional interest and failure to pay penalty on the total estate tax liability, due after that time.

[*26] shall be paid upon notice and demand from the Secretary." In other words, where the circumstances described in section 6166(g)(3)(A) exist, as they do in this case,[10] the extension of time for payment of the estate tax provided in section 6166 is terminated as a matter of law, and the unpaid portion of the estate tax that had been payable in installments is required to be paid upon notice and demand by respondent.

On the record before us, we conclude that respondent did not abuse respondent's discretion in terminating the estate's election under section 6166.

We have considered all of the arguments and contentions of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.

---

[10]The estate failed to make the required installment payments of interest for the years 2010, 2011, and 2012.